IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-41393 |
| | ) | |
| DENNIS LEE LAND and | ) | |
| RITA RAE LAND, | ) | CH. 13 |
| | ) | |
| Debtor(s). | ) | Filing No. 72, 108, 113 |

ORDER

Hearing was held in Omaha, Nebraska, on August 9, 2005, regarding Filing No. 72, Motion for Relief from Stay and Filing No. 113, Amended Motion for Relief, filed by Exchange Bank, and Filing No. 108, Objection, filed by the debtors. Arlan Wine appeared for the debtors and Michael Snyder appeared for Exchange Bank.

Exchange Bank, a creditor of the debtors and a creditor of the corporation owned by the debtors, holding a security interest in the assets of the corporation, has filed a motion for relief from the automatic stay, as a protective measure. It is the position of the bank that the assets of the corporation which the debtors have attempted to include in their Chapter 13 case as if the assets were directly owned by the debtors, are not property of the bankruptcy estate and are not protected by the automatic stay. Rather than risk the wrath of the court if the opinion of the bank officers and counsel for the bank was incorrect, the bank has filed this motion for relief.

The bank is correct. The corporation was still in existence on the petition date and it had not complied with Nebraska statutory provisions with regard to dissolution of the corporation and distribution of its assets. Those assets did not, on the petition date, belong to the debtors individually. Therefore, those assets were not, on the petition date, property of the bankruptcy estate and the automatic stay did not apply to protect those assets from actions of the secured creditor.

Following the filing of the petition, and following a hearing on the bank's objection to confirmation of the debtors' plan, the debtors, in their corporate capacity, executed a bill of sale transferring the assets of the corporation to the debtors in an individual capacity. Such a transfer, if somehow valid under property law, does bring the assets into the estate per Section 541 (a)(7) and Section 1306(a)(1), thereby triggering the protection of Section 362(a)(3). However, such post-petition transfer was completed only for the purpose of obtaining the protection of the automatic stay and to delay the bank from exercising its state-law collection rights against the corporate assets. The transfer was made in bad faith and the bank is granted relief from the automatic stay, for cause.

The bank is free to proceed with collection activity concerning the property which is its collateral and which, on the petition date, was owned by the corporation.

SO ORDERED.

DATED this 15th day of August, 2005.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

-2-

Notice given by the Court to:
    Arlan Wine
    *Michael Snyder
    Kathleen Laughlin
    U.S. Trustee

*Movant is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.